# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

ROBERT JOHNSON

VERSUS

DELIA NAVARRETE

---

In Re:    Delia Navarrete, applying for supervisory writs, 23rd Judicial District Court, Parish of Ascension, No. 123597.

---

**BEFORE: WHIPPLE, C.J., McDONALD, McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

    **WRIT GRANTED WITH ORDER.** The district court's ruling which denied the exception of no cause of action filed by Delia Navarrete is reversed. The factual allegations set forth in the Rule to Modify Court Form Stipulation are insufficient to meet the burden for modification of a consent custody decree to prove a material change in circumstances that affects the welfare of the children, and that the proposed modification would be in the best interest of the children. **Richard v. Richard**, 2009-0299 (La. App. 1st Cir. 6/12/09), 20 So.3d 1061, 1066. We note that the trial court referred to the prior custody decree as a "court-form stipulation", inferring that it differed from a judgment. We disagree. The document in question contains the stipulations of the parties as to custody and visitation, the caption of the case, the signatures of both parties and their counsel, as well as the signature of the trial court. See **Catalanotto v. Catalanotto**, 2014-0708 (La. App. 1st Cir. 12/10/14), 168 So.3d 463, 466. Therefore, the exception of no cause of action is granted, and the claims of Robert Johnson asserted in the Rule to Modify Court Form Stipulation are dismissed. However, we remand the matter to the district court with instructions to allow Robert Johnson the opportunity to amend his pleadings, if he can, within a delay deemed reasonable by the district court. See La. Code Civ. P. art. 934.

VGW
JMM
PMc

    **Welch, J.,** concurs in the result only.

    **Holdridge, J.,** concurs in the result to allow Mr. Johnson to amend his petition. The signed stipulation form is an interim order of the court. The interim order is not a consent decree nor is it a stipulated final judgment. It is an interlocutory judgment which may be changed or modified by the trial court at any time. See *e.g.* **Saizan v. Pointe Coupee Parish School Board**, 2010-0757 (La. App. 1st Cir. 10/29/10), 49 So.3d 559, 563, underline denied, 2010-2599 (La. 1/14/11), 52 So.3d 905 (". . . an interlocutory judgment, which the trial court may change at any time up to final judgment.") The trial court was correct in referring to the document as a "court-form stipulation" since the parties and the judge understood that this was an interim order (i.e. interlocutory judgment) that the

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

parties were entering into until such time as they could resolve all of their differences in a final consent judgment or after a trial on the merits.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT